IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02225-REB-KMT

JERELYN BOWER,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, COLORADO,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion to Amend the Complaint " [Doc. No. 30, filed May 1, 2009]).  Defendant filed a response on May 11, 2009 [Doc. No. 35], and Plaintiff filed a reply on May 11, 2009 [Doc. No. 36].  The court has reviewed the submissions of the parties and the contents of the court files.

In a Minute Order dated March 2, 2009, this court granted Plaintiff's motion to amend the scheduling order to allow the parties up to and including May 1, 2009, to join parties and amend pleadings.  [Doc. No. 20.]  Therefore, the motion and proposed amended complaint were timely filed.  Further, the case is in the early stages of litigation.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Defendant has taken no position on Plaintiff's motion, and there is no apparent or declared reason that the motion should not be granted. Accordingly, it is ORDERED

"Plaintiff's Motion to Amend the Complaint " [Doc. No. 30] is GRANTED. The Clerk of Court is directed to file the Second Amended Complaint, Doc. No. 32-2.

Dated this 14th day of May, 2009.

                                               **BY THE COURT:**

                                               Kathleen M. Tafoya
                                               United States Magistrate Judge